**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH BLEIER, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL HARRISON ATTORNEY AT LAW,<br><br>Defendant. | <u>CIVIL ACTION</u><br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff SARAH BLEIER (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through his attorneys, Cohen & Mizrahi LLP, against Defendant MICHAEL HARRISON ATTORNEY AT LAW (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b((2).

## NATURE OF THE ACTION

3. Plaintiff brings this action on behalf of herself seeking redress for Defendant's action of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

**PARTIES**

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a New Jersey corporation with its principal place of business located in Denville, NJ.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection Letter and/or notices from Defendant that fail to adequately advise the consumer of their right to dispute the debt in violation of the FDCPA. Plaintiff is complaining of a standard form Letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned

attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

14. In an effort to begin collecting on this debt, Defendant sent Plaintiff a collection letter.

15. Thereafter, on or around July 26, 2017, Plaintiff called Defendant to inquire about the alleged debt.

16. A representative of Defendant answered the phone and identified herself as "Jennifer."

17. During that phone call, plaintiff authorized her representative (hereinafter "Plaintiff") to discuss the status of the debt with defendant.

18. Plaintiff thereafter stated that he disagreed with the account balance and asked about filing a dispute with Defendant.

19. In response, Defendant indicated that "she will have to send in a written dispute."

20. Defendant proceeded to provide Plaintiff with the address for which to mail the dispute letter.

21. As set forth in the following Counts Defendant violated the FDCPA.

**First Count**
**15 U.S.C. §1692e *et seq.***
**False and Misleading Representations**

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e) by using false, deceptive, and misleading representations in connection with the collection of a debt.

24. Defendant violated said section by not accepting Plaintiff's dispute over the phone.

25. Defendant violated said section by falsely stating that in order to dispute the debt, Plaintiff would have to send something in writing.

26. The FDCPA allows the consumer to orally dispute a debt.[1]

---

[1] It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer., See. *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F.Supp.2d 143 (D.Conn. 2007), *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720 (N.D. Ohio 2006), *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D.Fla. 2006), *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), *Vega v. Credit Bureau Enters.*, No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), *In re Risk Mgmt. Alternatives, Inc.*, Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), *Sambor v. Omnia Credit Servs., Inc.*, 183 F.Supp.2d 1234 (D.Haw. 2002), *Sanchez v. Robert E. Weiss, Inc.*, 173 F.Supp.2d 1029 (N.D. Cal. 2001), *Castro v. ARS Nat'l Servs., Inc.*, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Ong v. Am. Collections Enter.*, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), *Reed v. Smith, Smith & Smith*, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), *Harvey v. United Adjusters*, 509 F.Supp.1218 (D.Or. 1981), *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. *Matter of Sommersdorf.*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); *Ditty v. CheckRite*, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to

27. The FDCPA allows the consumer to orally dispute a debt for no reason at all.[2]

28. As the Second Circuit opined, Disputes need not be made in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

29. Plaintiff was misled into believing that there was no way to dispute this debt over the phone.

30. Plaintiff was misled into believing that a dispute must occur in writing.

31. Upon information and belief, Defendant and its employees wrongfully stated to Plaintiff that she had to submit a written dispute Defendant.

32. Upon information and belief, Defendant and its employees, wrongfully stated to Plaintiff that she must dispute a debt in writing.

33. Upon information and belief, Defendant and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally unfairly intimidate and force debtors in to paying disputed debts.

34. Defendant's employee who spoke with Plaintiff intended to speak said words to Plaintiff.

35. The acts and omissions of Defendant and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

36. Upon information and belief, Defendant and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members

---

overcome the debt collector's assumption of validity.), See. *Rosado v. Taylor.*, 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties.
[2] *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002), *Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Frey v. Satter, Beyer & Spires.*, 1999 WL 301650 (N.D. Ill. May 3, 1999), *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001), *Mejia v. Marauder Corporation.*, 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

orally dispute the debt contrary to the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Daniel C. Cohen
Daniel C. Cohen, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11223
Phone: (929) 575-4175
Fax:    (929) 575-4195
Email: dan@cml.legal
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel C. Cohen*

                                                        Daniel C. Cohen, Esq.

Dated:    Brooklyn, New York
             March 06, 2018